No. 14.—THE JUSTICES OF THE INFERIOR COURT OF MORGAN COUNTY, for the use of Moses Davis, administrator of Levi Butler, deceased, plaintiff in error, *vs.* ALPHONSO HEMPHILL, defendant.

[1.] By the Act of 1820, in all the cases where, by the 53d sec. of the Act of 1799, the Superior Courts are authorized to exercise the powers of a Court of Equity, a party shall not be driven to the forms of Equity, but may institute his suit on the Law side of the Court, if he conceives that he can establish his claim without resorting to the conscience of the defendant.

[2.] The jurisdiction in all such cases is concurrent.

Debt on guardian's bond. Decided in Troup Superior Court, by Judge HILL, May Term, 1850.

The declaration alleged, that in the year 1831, the Court of Ordinary of Morgan County appointed one Thomas J. Butler guardian of Levi D. Butler, and that the defendant and one Barnabas Woolbright became securities on the bond; that by virtue of this appointment, Thomas J. Butler obtained the property of his ward, and appropriated the same to his own use; that the guardian subsequently died insolvent, without accounting, and there has never been any administration upon his estate; the ward, also, subsequently died, and Moses Davis was appointed his administrator. For his use, the action was instituted against the defendant alone, as security on the bond—the other security being beyond the jurisdiction of the Court.

On the trial in the Court below, the defendant moved to nonsuit the plaintiff, on the ground that it did not appear that any *devastavit* had ever been established against the principal obligor in the bond.

The Court sustained the motion, and counsel for plaintiff excepted.

HILL, for plaintiffs in error.

STEPHENS, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

We have determined that the liability of the surety, on a guardian's, executor's and administrator's bond, is ultimate, and that no recovery can be had against him, until there is a judgment or decree of a Court of competent jurisdiction against the principal in his representative character. Our Act of 1820, authorizing principals and sureties on such bonds to be sued in the same action, does not dispense with this judgment or decree. *When that is had*, it authorizes suit against the principal in his individual character, and the surety or sureties in the same action; but there, the principal must be first sued, or must be joined in the action with the surety, if he is within the limits of the State. That is, the surety cannot be proceeded against alone in but one instance, and that is, when the principal is not within the limits of the State. 6 *Geo. R.* 31.

It is claimed in this case, that the principal *being dead and insolvent, and no administration on his estate*, and those facts being averred in the declaration, the plaintiff may proceed *at law*, to charge the sureties, although no judgment or decree has been had against him in his representative character, and although he has not been personally sued to insolvency, and is not a party to the action. This, clearly, cannot be done upon Common Law principles. In such a case, a Court of Common Law has no jurisdiction. The sureties are not liable there at all until, by judgment or decree, their principal has been charged with a *devastavit*, and sued personally to insolvency. Nor does the Act of 1820 help the plaintiff. Since that Act, the judgment or decree against the principal, in his representative character, is still indispensable; and moreover, by the Act, he must be first sued, or must be joined with the surety, if within the State. There is relief for the plaintiff in Chancery. The necessity of the case, and its manifest equity, gives jurisdiction to Chancery. The law, by reason of its universality, affords no relief; *therefore*, Chancery will grant it. So this Court has held. 7 *Geo. R.* 552.

[1.] Our Statute, however, we think, has repealed the Com-

mon Law in this regard, and in the case made, has given juris-
diction to a Court of Law, concurrent with the jurisdiction of a
Court of Equity. Our judgment is, that the plaintiff has his op-
tion to proceed at law, if *he conceives that he can establish his claim
without resorting to the conscience of the defendant*, or go into
Chancery. He elects at his peril. If he resorts to a Court of
Law, he must abide the forms of proceeding—the law and the re-
lief of that forum. The Statute, injudiciously, as I think and
have before said, gives him the right, if, in his imaginings, he
*conceives* that he can get along, to make experiments in a Court
of Law. He takes the play at the hazard of having the piper to
pay. The rule is, if a party has an ample remedy at law, he
cannot go into Chancery; and if he can go into Chancery, nev-
ertheless, he can go into law, if he will. It is paradoxical,
rather. We cannot, however, get over the broad grant of juris-
diction to a Court of Law, by the Act of 1820. That is an Act
declaratory of the 53*d sec. of the Judiciary Act of* 1799. That
section specifies the cases in which the Superior Courts shall ex-
ercise the powers of a Court of Equity. The enumeration em-
braces many of the powers of the Courts of Chancery in England.
We have held, however, that the jurisdiction is not confined to
the enumeration of powers specifically made, but by virtue of our
adopting Statute, and authority given to exercise the powers of a
Court of Chancery, " in all cases where a Common Law remedy
is not adequate," *general* Equity jurisdiction is conferred. 4 *Geo.
R.* 423. The specification of the Act of 1799, of cases in which
the powers of a Court of Chancery shall be exercised, are—1st. To
discover transactions between copartners and co-executors. 2d.
To compel distribution of intestates' estates, and payment of lega-
cies. 3d. To discover fraudulent transactions, for the benefit of
creditors. In addition to these, there is, as before stated, a broad
grant of authority to exercise the powers of a Court of Chance-
ry, " *in all cases where a Common Law remedy is not adequate.* to
compel parties, in any cause, to discover, on oath, all requisite
points necessary to the investigation of truth and justice." *Prince*,
447. Now, although the last quoted clause is general, and em-
braces *all cases* belonging to a class, that is to say, all cases

where a Common Law remedy is not adequate, yet it is an enumeration of cases. It differs from the other enumerations, only in this—that it is more comprehensive. It is not much more generic in its character than some of them ; for example, that which gives power to compel distribution of intestates' estates and payment of legacies, which confers jurisdiction over the whole subject of intestacies and wills. Now, the General Assembly of 1820, legislating upon this clause of the Act of 1799, and the subject matters therein embraced, have said, " that from and after the passage of this Act, whenever, *in any of the cases enumerated* in the before recited section, (having before recited it,) a plaintiff or complainant shall *conceive* that he, she or they can establish his, her or their claim, without resorting to the conscience of the defendant, it shall and may be lawful for any such plaintiff or complainant to institute his, her or their action on the Common Law side of the Court, and shall not be held to proceed with the forms of Equity."

The case made in this record, is a case where the Common Law not only affords no adequate remedy, but no remedy at all. It is, therefore, palpably a case enumerated in the Act of 1799, and by the Act of 1820, one of the cases where the plaintiff shall not be held to the forms of Equity ; but if he conceives that he can make out his case without resorting to the conscience of the defendant, shall be at liberty to institute his suit on the Common Law side of the Court. *Prince*, 447. This is too plain to require further comment.

[2.] The Legislature, whilst conceding jurisdiction to the Courts of Chancery in this case, have said that the plaintiff shall not be driven there, but may go into a Court of Law. Whether he will go into the one Court or the other, the Legislature has left to his *conception* of the sufficiency of his remedy. Where the Legislature has placed the plaintiff, there we also locate and leave him.

Let the judgment be reversed.